**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 6 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**MARGARET S. BLAIR AND**
**ROGER W. BLAIR**                                              **PLAINTIFFS**

**v.**                                     No.   1:12-cv- 110   KGB

**CROWN POINT RESORT, INC.**                                    **DEFENDANT**

## COMPLAINT

Margaret S. Blair and Roger W. Blair, by and through their attorneys, Blair & Stroud, pleads the following for their complaint:

1.     This case is about an injury on or about Defendant Crown Point Resort, Inc.'s swimming pool located at its resort in Horseshoe Bend, Izard County, Arkansas.

*This case assigned to District Judge Baker and to Magistrate Judge Young*

2.     Plaintiff Margaret Blair and Plaintiff Roger Blair are citizens of Tennessee who stayed at Defendant's Horseshoe Bend resort in July 2010.

3.     Crown Point Resort, Inc., is a for-profit corporation organized under Arkansas law.  At all times relevant to this Complaint, Crown Point Resort, Inc. owned and operated the Crown Point Resort in Horeshoe Bend,

Arkansas.  Crown Point Resort, Inc. has its principal place of business in Arkansas.

4.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.  Plaintiffs both bring state-law causes of action among diverse citizens each with an amount in controversy in excess of $75,000.00.  There is also supplemental jurisdiction over Plaintiff Roger Blair's cause.

5.     More than a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Arkansas.  The Defendant has its principal office in that judicial district.  And the Defendant has sufficient contacts with the Eastern District of Arkansas to subject it to personal jurisdiction there.   Venue is therefore appropriate in the Eastern District of Arkansas, Northern Division.  28 U.S.C. § 1391.

6.     On or about July 16, 2010, Plaintiffs were guests vacationing at Defendant's resort.  During the course of her stay, Margaret Blair entered Defendant's outdoor swimming pool using a ladder.  While making entry to the pool, the ladder malfunctioned pinning Margaret Blair to the ladder. Margaret Blair was suspended mid-fall by the ladder's malfunction.  Unable

-2-

to free herself from the ladder, Margaret Blair required her husband's aid before she was freed.  As a consequence of this incident, Margaret Blair sustained painful personal injuries.

7.     As a direct result of this incident, Margaret Blair sustained injuries to her feet, ankles, knees, legs, back, hip, wrist, neck, and shoulder; these injures included bruises and contusions, sprains and strains, torn tendons, a torn meniscus, swelling, lumbar strain, complex region pain syndrom, and reflex sympathetic dystrophy.  As a direct result of these injuries, Margaret Blair has sustained and will sustain the following damages:

    (a)     Past and future pain, suffering, and mental anguish;

    (b)     Past and future medical expenses;

    (c)     Permanent impairment and disability;

    (d)     Loss of earnings and impairment of future earning capacity.

8.     Margaret Blair's damages exceed $75,000.00.

9.     Plaintiff Roger Blair is, and was at all times mentioned herein, the husband of Plaintiff Margaret Blair.  As a direct result of Defendant's injuries to his wife, Roger Blair has sustained in the past and will sustain in the future a loss of Margaret Blair's society, companionship, and consortium, as a

-3-

consequence of which he has sustained damages in excess of $75,000.00.

10.    At all times relevant to the Complaint, Margaret Blair was a business invitee of Defendant.

11.    The defect in the ladder was neither known nor obvious to Margaret Blair. On information and belief, Defendant had actual knowledge of this defect because one of Defendant's maintenance personnel was aware of the ladder's defect but Defendant failed to fix or otherwise mark the ladder as unsafe or under repair.

11.    The incident described herein and Plaintiffs' damages were proximately caused by the negligence of Defendant and Defendant's maintenance employee acting within the course and scope of his employment.

WHEREFORE, Plaintiffs Margaret Blair and Roger Blair demand judgment against Defendant Crown Point Resort, Inc. for damages as determined by a jury which exceed the minimum amount required for diversity of citizenship under federal law, costs, and all other just and proper relief.

Respectfully submitted this 24th day of October, 20 12.

MARGARET S. BLAIR AND
ROGER W. BLAIR

Plaintiff

BY:    BLAIR & STROUD
       Attorneys at Law
       P. O. Box 2135
       Batesville, AR 72503
       (870) 793-8350
       (870) 793-3989 (Fax)
       rds@blastlaw.com
       bsm@blastlaw.com

_____
Robert D. Stroud       Bar Number 71073
Barrett S. Moore       Bar Number 2009118

-5-

## DEMAND FOR A JURY TRIAL

Plaintiff Margaret S. Blair and Roger W. Blair demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

MARGARET S. BLAIR

Plaintiff

BY: BLAIR & STROUD
   Attorneys at Law
   P. O. Box 2135
   Batesville, AR 72503
   (870) 793-8350
   (870) 793-3989 (Fax)
   rds@blastlaw.com
   bsm@blastlaw.com

Robert D. Stroud  Bar Number 71073
Barrett S. Moore  Bar Number 2009118